W. E. Snoddy *v.* William Johnston.

**Guarantors—Liability to Purchaser of Note.**

Persons who sign their names on the back of a note that has never been held by them to induce a person to purchase the note, thereby become guarantors thereof. Whether they are bound jointly or severally is a question of fact to be determined by a jury.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 1, 1874.

OPINION BY JUDGE LINDSAY:

This court adheres to the doctrine of the case of *Arnold v. Bryant*. All the testimony permitted by the court to go to the jury tends to show that neither Johnston nor Nuremberger ever held the note (upon the back of which they indorsed their names) as assignees. It is also evident that they wrote their names across the back of said note to induce Snoddy to purchase it, and it therefore follows that they intended to become bound to him for its payment in some way.

As they were not assignees of Doern & Co., the legal presumption is that they intended to bind themselves as guarantors. In the absence of all information by Snoddy of a contrary intention upon their part, he had the right to act upon such presumption and to treat them as such. Whether or not they did so intend to bind themselves, and if they did not, whether Snoddy had information to that effect, are questions of fact to be decided by the jury. Whether, if they contracted as guarantors, they contracted to be bound jointly or severally, is also a question of fact which the jury had the right to determine.

The proof permitted by the court to go to the jury, certainly tended to show that Johnston & Nuremberger contracted to be bound to Snoddy as guarantors, and appellant did not so utterly fail to show that their contract was joint as to authorize the court to take the case away from the jury on that account.

It was in proof that Snoddy agreed to purchase the note upon condition that Doern would procure Johnston & Nuremberger to endorse it. It was also in proof that Johnston had stated that he endorsed the note upon the understanding that Nuremberger was also to endorse it. Johnston says that he signed after Nuremberger, and that he did so to accommodate Doern. The proof tends to show that both he and Nuremberger signed for Doern's accommodation. Johnston states further that he had no agreement with Nuremberger to guarantee the payment of the note, but he does not deny that he expected to be jointly bound with Nuremberger in some way. As before stated, as neither Johnston nor Nuremberger had ever held the note as assignees, and as there is no proof that Snoddy had information that they did not intend to be bound as guarantors, he had the right to act upon the legal presumption

arising from these acts and to treat them as such. Coupling with this presumption the testimony allowed by the court to go to the jury, we are of opinion that if the jury had found them jointly bound, the court would not have been authorized to set aside the verdict upon the ground that in this particular it was not supported by sufficient evidence.

The amended petition was properly stricken from this case. After appellant had voluntarily filled up and sued upon the joint contract of guaranty, he should not be allowed (without averring and proving fraud or mistake) to abandon his chosen petition, and claim that Johnston & Nuremberger had contracted with him, separately and individually.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*Seymour & Abbott, R. W. Wooley, for appellant.*
*Muir & Bijou, for appellee.*